IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARY J. CALLANS                                                                        PLAINTIFF

vs.                                       Civil No. 2:16-cv-02247

NANCY A. BERRYHILL                                                   DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Mary Callans ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Income Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB was filed on September 9, 2013. (Tr. 12). Plaintiff alleged she was disabled due to two dislocated discs in her neck and back which are not operable. (Tr. 183). Plaintiff alleged an onset date of March 8, 2011. (Tr. 146). This application was denied initially and again upon reconsideration. (Tr. 12). Thereafter, Plaintiff requested an administrative hearing on

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

her application and this hearing request was granted. (Tr. 79).

Plaintiff's administrative hearing was held on September 16, 2015. (Tr. 25-51). Plaintiff was present and was represented by counsel, David Harp, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Debra Steele testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-one (51) years old and a high school education with two years of college. (Tr. 31).

On October 13, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 12-20). In this decision, the ALJ determined the Plaintiff last met the insured status of the Act on December 31, 2017. (Tr. 14, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 8, 2011. (Tr. 14, Finding 2).

The ALJ determined Plaintiff had the severe impairments of back disorder, cervical degenerative disc disease, left shoulder strain, and hypertension. (Tr. 14, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-18). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work and can frequently lift and carry ten pounds and occasionally twenty pounds, can sit for a total of six hours in an eight-hour workday, and can stand and walk for a total of six hours in an eight-hour workday, but is limited to jobs that require only occasional reaching overhead bilaterally. (Tr. 15, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The ALJ

found Plaintiff was not capable of performing her PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 19, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of representative occupations such as case aide with 1,430 such jobs in Arkansas and 132,590 such jobs in the nation, security gate guard with 6,360 such jobs in Arkansas and 605,240 such jobs in the nation, and usher with 100 such jobs in Arkansas and 11,370 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from March 8, 2011, through the date of the decision. (Tr. 20, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 5). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On October 17, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 15, 16. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

3

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. <u>Discussion:</u>

Plaintiff brings the present appeal claiming the ALJ erred: (A) in the RFC determination, (B) by failing to fully develop the record, (C) in his credibility analysis, and (D) in the Step 5 determination. ECF No. 15, Pgs. 9-14. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 16.

### A. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox,* 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the

5

workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work and can frequently lift and carry ten pounds and occasionally twenty pounds, can sit for a total of six hours in an eight-hour workday, and can stand and walk for a total of six hours in an eight-hour workday, but is limited to jobs that require only occasional reaching overhead bilaterally. (Tr. 15, Finding 5). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 15, Pgs. 9-13. Specifically, Plaintiff argues the ALJ did not include limitations in the RFC to account for Plaintiff's alleged bursitis in hip, planter fasciitis, and neck and shoulder impairments. *Id.*

A review of the medical evidence shows Plaintiff's alleged impairments did not result in functional limitations beyond those found by the ALJ in the RFC. Furthermore, Plaintiff has not supplied evidence showing any specific limitations greater than those found by the ALJ. Plaintiff has the burden of demonstrating her RFC limitations. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (citation omitted) (recognizing "[a] disability claimant has the burden to establish her [or her] RFC").

MRI and CT scans indicated degenerative changes of Plaintiff's cervical spine, with some small central disc protrusion and herniation at C6-7. (Tr. 228, 243, 246, 435). Also, an MRI of Plaintiff's shoulder showed only edema in the tendon consistent with tendinosis and possibly impingement. (Tr. 380-381).

The ALJ also relied on reports of Plaintiff's physicians, who released her back to work, when determining Plaintiff's RFC. (Tr. 17). Dr. Thomas Cheyne released Plaintiff to work with

limitations. (Tr. 252). Dr. Gary Moffit also noted Plaintiff could continue to work with restrictions. (Tr. 346-347, 351, 354).

Substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### B. Duty to Develop Record

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff argues the ALJ should have ordered a consultative examination. ECF No. 15, Pgs. 11-12. Defendant argues substantial evidence shows the ALJ met his duty to fairly develop the record.

Initially the Court notes Plaintiff has failed to establish that the medical records presented

did not provide sufficient medical evidence to determine the nature and extent of her limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). An ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).

Further, Plaintiff must not only show the ALJ failed to fully and fairly develop the record, but that she was prejudiced or treated unfairly by the ALJ's alleged failure to develop the record. Plaintiff has not set forth any evidence showing had the ALJ requested additional consultative examinations, the ALJ would have arrived at a different decision.

Therefore, I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

### C. ALJ's Credibility Determination

Plaintiff claims the ALJ erred in his credibility determination. ECF No. 15, Pgs. 12-13. In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 16.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. §

9

404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 16-18). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Pending workers compensation claim, (3) Physician release to work records, (4) Plaintiff's described activities of daily living allow for active lifestyle, and (5) Conservative medical treatment. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain.

**D. Step 5 Determination**

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart*, 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue*, 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart*, 321 F.3d 766, 768-769 (8th Cir. 2003). If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge*, 321 F.3d at 768-769.

In this matter, the ALJ heard testimony from a VE regarding Plaintiff's ability to perform work in the national economy. It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to perform light work and can frequently lift and carry ten pounds and occasionally twenty pounds, can sit for a total of six hours in an eight-hour workday, and can stand and walk for a total of six hours in an eight-hour workday, but is limited to jobs that require only occasional reaching overhead bilaterally. (Tr. 15, Finding 5). In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 44-49). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 19-20, Finding 10). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 20, Finding 11).

I find the ALJ's hypothetical question properly set forth those limitations the ALJ found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated jobs existed for the vocational profile of the Plaintiff. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **14th day of February 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE